UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EUGENE MCATEER,<br><br>Plaintiff,<br><br>vs.<br><br>SUNFLOWER BANK, N.A. and DOES 1-10 and ROES 1-10, inclusively,<br><br>Defendants. | Case No. 2:20-cv-02285-APG-EJY<br><br><br><br>**ORDER** |

Pending before the Court are Plaintiff's Motions for Sanctions and for Leave to File a Supplemental Memorandum in Support of Plaintiff's Motion for Sanctions. ECF Nos. 68, 75. The Court reviewed the Motions, Oppositions, and Replies.

**I.   Background**

   A.   <u>The Motion to Supplement is Granted</u>.

Under the Court's local rule, "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). The good cause standard is met if the moving party is reasonably diligent in seeking leave to supplement and the proposed briefing will make a substantive difference to what is pending before the court. *Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, Case No. 3:15-CV-00294-MMD-CBC, 2019 WL 938384, at *8 (D. Nev. Feb. 26, 2019), *vacated sub nom. Chemeon Surface Tech. v. Metalast Int'l, Inc.*, Case No. 3:15-CV-00294-CLB, 2022 WL 22353746 (D. Nev. June 24, 2022) (citing *De Luna v. Sunrise Hosp. & Med. Ctr., LLC*, Case No. 2:17-cv-01052-JAD-VCF, 2018 WL 4053323, at *5 (D. Nev. Aug. 24, 2018); *Morrison v. Quest Diagnostics Inc.*, Case No. 2:14-cv-01207-RFB-PAL, 2016 WL 6246306, at *3 (D. Nev. Oct. 24, 2016), *aff'd*, 698 Fed.Appx. 350 (9th Cir. 2017)).

In December 2023, one month after Plaintiff filed his Motion for Sanctions, Plaintiff filed his Motion for Leave to Supplement. ECF No. 75. The Motion demonstrates Defendant's Federal Rule of Civil Procedure 30(b)(6) witness was unprepared to testify in the capacity required by the Rule despite having first received the notice of deposition in September 2022 and not appearing until

November 2023. *Compare* ECF No. 75-2 at 16-19 *and* 75-2 at 32. The timing and content of the Motion to Supplement was sought diligently and relates directly to Plaintiff's Motion for Sanctions. Plaintiff meets the good cause standard required, and the Court grants the Motion to Supplement. The Motion to Supplement and Motion for Sanctions are treated as one Motion.

  B.  <u>The Parties' Arguments</u>.

  Plaintiff asks the Court to sanction Defendant under Federal Rule of Civil Procedure 37 because Defendant (1) substantially delayed disclosure of documents responsive to Plaintiff's first Request for Production of Document ("RFP"),[1] and (2) failure to produce a properly prepared Rule 30(b)(6) witness despite substantial time available to do so.

  Plaintiff argues the delayed document production evidences Defendant did not intend to employ Plaintiff, but instead wanted Plaintiff's substantial book of business. ECF No. 68 at 7. Plaintiff says Defendant strung him along with misleading representations, and demanded he sign a non-disclosure and non-solicitation agreement (the "Agreement"), only to terminate him on the first day of his job with Defendant. ECF No. 68 at 3-4, 7, 17-19. Plaintiff seeks case terminating sanctions (as well as attorney's fees and costs) based on the gross delayed production. *Id.* at 19-22. Plaintiff also presents evidence showing Defendant's Rule 30(b)(6) corporate representative was grossly unprepared to testify to topics first provided to Defendant over a year prior to the deposition. ECF Nos. 75 at 2-4; 75-2.

  Defendant responds arguing there is nothing in the additionally produced documents demonstrating it offered Plaintiff employment under false pretenses just to take his substantial book of business. ECF No. 74 at 5. Defendant says it offered Plaintiff employment starting on September 1, 2020, and excuses Plaintiff's termination on that same date, by asserting it was "contractually obligated" to make the employment offer pursuant to the agreement it reached when Defendant bought CIT Group's ("CIT") brokerage and wealth management business where Plaintiff worked.

---

[1] The Court's review of documents produced by Defilant on September 5, 2023 shows they were responsive to Plaintiff's first set of RFPs propounded on February 11, 2022. *Compare* ECF No. 68 at 5 and ECF No. 69-18 at 3. The Court notes these documents were also responsive to the fifth set of document requests propounded on November 22, 2022. ECF No. 69-24.

2

*Id.*[2]  Despite this argument, Defendant provides little that explains why it failed to provide responsive documents until November 2023—well more than a year after Plaintiff's first RFPs were propounded.  Defendant claims it initially produced all the documents it considered responsive, which did not include the documents with which Plaintiff now takes issue.  ECF No. 74 at 8.  Defendant submits case terminating sanctions are improper because neither Defendant nor Defendant's counsel acted knowingly in violation of their discovery obligations.  *Id.* at 7-8, 10.

In its opposition to Plaintiff's Motion to Supplement, Defendant reveals no response to the failure to produce a properly prepared corporate representative under Rule 30(b)(6).  Instead, Defendant argues Plaintiff is upset because he did not get the answers he wanted.  ECF No. 77 at 2.  Defendant also asks the Court to deny sanctions relying on Plaintiff's failure to raise the issue during the deposition or meet and confer with Defendant prior to filing the Supplemental Brief.  *Id.*

Plaintiff argues in reply that he was prejudiced by Defendant's conduct because it threatens the disposition of this case. ECF No. 76 at 5.  Plaintiff says he has been forced to expend more resources, time, and effort in order to address the issues Defendant's conduct caused.  *Id.* at 9-10.

**II.    Discussion**

    A.    <u>Defendant Failed to Timely Disclose Relevant Documents</u>.

Defendant does not deny that it produced documents more than one year after they were first requested by Plaintiff and that this production occurred only after (1) Plaintiff filed a Motion to Compel, (2) the Court granted Plaintiff the opportunity to use search terms to locate responsive documents, (3) Defendant sent approximately 15,000 pages of documents to defense counsel to cull through for purposes of determining what to produce, (4) defense counsel produced 113 pages from the 15,000 he received, (5) Plaintiff's counsel reviewed the same 15,000 pages, and (6) Plaintiff's counsel discovered numerous additional documents that he characterizes as evidence of Defendant's wrongdoing.  ECF No. 68 at 9-15.  Instead, Defendant says most of the documents gathered as a

---

[2]  Defendant's argument seems to bolster Plaintiff's position that the offer of employment by Defendant was always a ruse.  In fact, it is undisputed that Defendant not only terminated Plaintiff on his first day of employment, but also sent letters to all of Plaintiff's clients on the same day it terminated him notifying these clients that they had a new wealth management advisor.  ECF No. 68 at 4.

result of the computer search and identified by Plaintiff as "smoking guns" do not support Plaintiff's claims. ECF No. 74 at 5-7.

Under Federal Rule of Civil Procedure 26(b)(1), litigants may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Further, "the Federal Rules 'obligate a party to …' take reasonable and appropriate steps to search its records and produce all responsive documents or things." *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-MD-02843-VC-JSC, 2022 WL 18863581, at *1 (N.D. Cal. Feb. 10, 2022) *citing and quoting*, inter alia, *Banas v. Volcano Corp.*, Case No. No. 12-cv-01535-WHO, 2013 WL 5513246 (N.D. Cal. October 4, 2013) (additional citations and quote marks omitted). As stated in *MGA Entertainment, Inc. v. National Products Ltd.*, "Rule 34 is generally designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents. A producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect." Case No. CV 10-07083 JACK (SSx), 2012 WL 12884021, at *3 (C.D. Cal. Jan. 20, 2012) *quoting Armor Screen Corp. v. Storm Catcher, Inc.*, Case No. 07-81091-Civ, 2009 WL 291160, at *5 (S.D. Fla. Feb. 5, 2009).

Here, while there is no evidence that Defendant actively hid responsive documents in the haystack of 15,000 pages of documents it dumped on its counsel and, as explained below, ultimately allowed Plaintiff to review, Defendant's conduct does evidence the failure to meet the spirit of Rule 34. Defendant made little to no effort to locate and disclose responsive documents and instead produced an undifferentiated mound of documents without regard to what Plaintiff requested. The intent of Rule 34 was clearly ignored by Defendant in this matter.

After Defendant produced its 113 pages of documents following review of the 15,000 received by defense counsel, Plaintiff was offered and took the opportunity to review the same 15,000 pages leading to the identification of additional documents Plaintiff describes as not only relevant, but key evidence in support of his case. ECF No. 68 at 15 *citing* ECF No. 69-21. Plaintiff describes these documents as bolstering his position that long before Defendant notified Plaintiff he was terminated—which notification came on Plaintiff's first day on the job—Defendant planned and

prepared to close the Henderson, Nevada operations that would end Plaintiff's employment. ECF No. 68 at 4-6, 17-19. In sum, Plaintiff says the evidence he discovered, through his counsel's diligence, demonstrate that despite offering Plaintiff a job on June 26, 2020, Defendant knew it was going to shut down operations in Henderson, Nevada and terminate Plaintiff. ECF Nos. 68 at 3, 17; 69-21.

Upon review, Plaintiff found profit and loss spreadsheets, emails between Defendant's executives, and pro forma financial statements that show Defendant was indeed considering closing the Henderson, Nevada wealth management and brokerage location where Plaintiff worked. ECF No. 69-21. These documents are patently relevant to the needs of this case. The documents provide information regarding Defendant's purchase of some CIT-owned brokerage and wealth management locations and consideration, beginning as early as February 2020, that Defendant would close the Henderson branch where Plaintiff worked. The analysis and discussions regarding ceasing operations in Henderson started long before Defendant offered Plaintiff a job in June 2020, and long before Defendant told Plaintiff he had to sign the Agreement if he wanted to be employed. Thus, the documents are connected to the central issue in this case such that they should have been identified and produced by Defendant without a Motion to Compel, a Court Order allowing a forensic search, and Plaintiff's counsel having to review 15,000 documents.[3]

For these reasons, as supported by the history of discovery in this case, that Defendant did not comply with its obligations to locate and produce responsive documents in a timely manner.

### B. Defendant Failed to Produce a Properly Prepared Rule 30(b)(6) Deponent.

The Court begins its discussion with the purpose and obligations underlying Fed. R. Civ. P. 30(b)(6) as captured in *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534 (D. Nev. 2008). The purpose of Rule 30(b)(6) "is to streamline the discovery process." *Id*. at 538 *citing Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). This Rule "serves a unique function in allowing for a specialized form of deposition." *Id. citing Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006). "The Rule 'gives the corporation being deposed more control by allowing it to designate and prepare a

---

[3] This finding is specific to Defendant and not defense counsel.

5

witness to testify on the corporation's behalf.'" *Id*. quoting *U.S. v. Taylor*, 166 F.R.D. 356, 360 (M.D. N.C. 1996). Rule 30(b)(6) "is a discovery device employed by the examining party 'to avoid the bandying by corporations where individual officers disclaim knowledge of facts clearly known to the corporation.'" *Id.* (certain internal quote marks omitted).

Rule 30(b)(6) imposes burdens on the party taking the deposition as well as the party who must appear at deposition. "The party seeking discovery through a Rule 30(b)(6) deposition is required to describe 'with reasonable particularity the matters on which examination is requested.'" *Great American*, 251 F.R.D. at 538 *citing* Fed. R. Civ. P. 30(b)(6). Once a party is served with a 30(b)(6) deposition notice, "the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics." *Id. citing Marker v. Union Fidelity Life Insurance Company*, 125 F.R.D. 121, 126 (M.D. N.C. 1989). The party producing the corporate representative "'represents the knowledge of the corporation, not of the individual deponents.'" *Id. citing Taylor*, 166 F.R.D. at 361; *Hyde v. Stanley Tools*, 107 F.Supp.2d 992 (E.D. La. 2000); *Sprint Communications Co.*, 236 F.R.D. at 527. The appearing corporation must produce "a witness who is knowledgeable in order to provide 'binding answers on behalf of the corporation.'" *Id*. quoting *Starlight International, Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999). A Rule 30(b)(6) witness "is not required to have personal knowledge on the designated subject matter." *Id. citing Sprint Communications*, 236 F.R.D. at 528; *PPM Finance v. Norandal*, 297 F.Supp.2d 1072, 1085-86 (N.D. Ill., 2004); *Calzaturficio v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001). If necessary, the corporation being deposed "has a duty to designate more than one deponent to respond to relevant areas of inquiry on the noticed topics." *Great American*, 251 F.R.D. at 538-39 *citing Barron v. Caterpillar, Inc.*, 168 F.R.D. 175, 176 (E.D. Pa. 1996); *Starlight International*, 186 F.R.D. at 638 (corporation must produce "such number of persons as will satisfy the request").

Here, Defendant had "'a duty to make a conscientious, good-faith effort to designate' one or more knowledgeable persons for the Rule 30(b)(6) deposition and 'to prepare them to fully and unevasively answer questions about the designated subject matter.'" *Id*. quoting *Starlight International*, 186 F.R.D. at 639; *Dravo Corp. v. Liberty Mut. Ins.* Co., 164 F.R.D. 70, 75 (D. Neb. 1995) ("If the rule is to promote effective discovery regarding corporations, the spokesperson must

be informed."); *In re: Vitamins Antitrust Litigation*, 216 F.R.D. 168, 172 (D. D.C. 2003), (the appearing corporation must produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the noticed deposition topics and facts known to the corporation or its counsel). The duty to produce a prepared witness on designated topics extends to matters not only within the personal knowledge of the witness but on matters reasonably known by the responding party." *Id*. citing *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 137, 141 (D. D.C. 1998). Whether a corporation continues to employ a person who has knowledge on designated topics is irrelevant to preparation for a 30(b)(6) deposition. *Id*. citing *Taylor*, 166 F.R.D. at 361. Instead, the corporation must prepare the designated witness through "documents, past employees, or other sources" including witness deposition testimony and deposition exhibits. *Id*. citing *Taylor*, 166 F.R.D. at 361-62. The Court in *Great American* also made clear that if during a 30(b)(6) deposition "it becomes apparent … that the designee … is unable to respond to relevant areas of inquiry, … *the responding party* has a duty to designate an additional knowledgeable deponent." *Id*. at 540 (emphasis added) citing *Marker*, 125 F.R.D. at 126; *Dravo Corp.*, 164 F.R.D. at 75; *Starlight*, 186 F.R.D. at 638; *Sony v. Soundview Technologies*, 217 F.R.D. 104, 112 (D. Conn. 2002).

The Court reviewed the deposition transcript provided and finds Defendant's 30(b)(6) deponent was not adequately prepared to answer questions on issues that were unequivocally within the topics identified by Plaintiff and pertained to matters into which Plaintiff would obviously inquire. The witness answered questions providing her personal knowledge admitting she did nothing other than speak to counsel to prepare for her deposition. *See, e.g.*, ECF No. 75-2 at 38, 42, 43-44, 45, 46, 47, 51, 52, 53, 54, 62, 64, 65. While there was one instance in which the deponent stated she spoke with Robert Cafera, a person who would be more likely to know the answer to the question posed (ECF No. 75-2 at 60-61), on the whole the witness' testimony demonstrated she made virtually no effort to research, speak to individuals or review documents in an effort to properly prepare for the deposition. ECF No. 75-2 at 35, 37-38, 39-40, 42, 43-44, 45, 46, 48-50, 51, 52, 53, 54, 55, 58-59, 66-70. Defendant failed in its obligation to present an adequately prepared witness for which there is no excuse.

      C.      <u>The Court Agrees Sanctions are Appropriate, But Case Terminating Sanctions are Unwarranted</u>.

Under Rule 37 of the Federal Rules of Civil Procedure, Defendant's failure to timely and adequately produce documents and a properly prepared Rule 30(b)(6) witness supports the award of sanctions. Fed. R. Civ. P. 37(c)(1), (d). Specifically, with respect to Defendant's failure to produce an adequately educated and prepared witness to testify on designated topics under Rule 30(b)(6), a variety of sanctions may be warranted. These include: "(1) costs and attorneys' fees incurred in filing a motion [for sanctions], …; (2) monetary sanctions against the noncomplying party and its counsel, …; (3) an order compelling compliance with Rule 30(b)(6) and requiring an educated deponent to be produced, …; [and] (4) requiring a corporation to redesignate an adequately prepared witness to testify in the new deposition at the corporation's expense, …." *Great American Insurance Co. of New York*, 251 F.RD. at 542.

In contrast, Plaintiff's request for terminating sanctions is not supported. As explained by the Ninth Circuit, case-terminating sanctions should be awarded only after the district court weighs: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Generally, and as applied here, prejudice and the availability of less drastic sanctions are the factors the Court finds decisive. *Id.*

While prejudice may be presumed from an "unreasonable delay," *Sanchez v. Rodriguez*, 298 F.R.D. 460, 473 (C.D. Cal. 2014) (quoting *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir.2006)), and while Defendant offers no reasonable excuse for its failure to timely produce documents or an adequately prepared witness under Rule 30(b)(6), the Court finds less drastic sanctions are appropriate. *Valley Eng'rs Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). No prior sanctions have been issued, Defendant was not warned of the possibility of dismissal for failure to comply with a Court order, and less sanctions will

reasonably cure the prejudice that occurred.[4]  Thus, the Court exercises its discretion to impose the type and degree of discovery sanctions it finds appropriate.  *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976); *Scalia v. Sin City Inv. Grp., Inc.*, Case No. 2:19-cv-00361-JCM-NJK, 2019 WL 13211176, at *2 (D. Nev. Dec. 26, 2019) ("any sanction must be reasonable given the circumstances, and a sanction is reasonable only if its character and magnitude are proportionate to the character and magnitude of the violation, and the harmful consequences of that violation.").

Specifically:

(1)  Excluding any attorney-client privilege communications or work product, Defendant **must** identify the person or persons most knowledgeable about how documents responsive to Plaintiff's document requests were searched for, identified, reviewed, and gathered for production to its counsel.  This includes the forensic search and all prior efforts as well.

(2)  Defendant **must** make this individual or individuals available for deposition by Plaintiff no later than twenty-one (21) days after the date of this Order unless the parties agree on a later date.  The deposition may proceed by video.  Defendant is to pay the cost for the videographer and the transcript of the proceeding.

(3)  Upon completion of the depositions of the person or persons most knowledgeable, Plaintiff may, at his discretion and as appropriate, (a) confer with defense counsel regarding Defendant's obligation to search for and produce additional documents, (b) retain a forensic expert, whose reasonable fees and costs are to be borne by Defendant, who will be entitled to conduct a reasonable search of all electronically stored information under Defendant's control for responsive, non-privileged documents, or (c) contact the Court through a succinct status report seeking a hearing to discuss how this discovery should proceed.

(4)  Defendant **must** thoroughly prepare its Rule 30(b)(6) deponent for a second day of deposition. The second day of deposition **must** occur within thirty (30) days of the date of this Order unless the parties agree to a later date.  The costs for the videographer and transcript of the second day of the Rule 30(b)(6) deposition are to be borne by Defendant.

---

[4] While the Court understands the basis for Plaintiff's apparent frustration, and finds some sanctions are warranted here, the Court must try lesser sanctions first before escalating to possible case terminating sanctions.

(5) Defendant **must** reimburse Plaintiff for the fees and costs Plaintiff incurred associated with drafting, reviewing the response, and preparation of a reply in support of the Motion for Leave to File a Supplemental Memorandum in Support of Plaintiff's Motion for Sanction.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of Plaintiff's Motion for Sanctions (ECF No. 75) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (ECF No. 68) is GRANTED in part as stated in the body of this Order.

IT IS FURTHER ORDERED that Defendant is sanctioned as follows:

(1) Excluding any attorney-client privilege communications or work product, Defendant **must** identify the person or persons most knowledgeable about how documents responsive to Plaintiff's document requests were searched for, identified, reviewed, and gathered for production to its counsel. This includes the forensic search and all prior efforts as well.

(2) Defendant **must** make this individual or individuals available for deposition by Plaintiff no later than twenty-one (21) days after the date of this Order unless the parties agree on a later date. The deposition may proceed by video. Defendant is to pay the cost for the videographer and the transcript of the proceeding.

(3) Upon completion of the depositions of the person or persons most knowledgeable, Plaintiff may, at his discretion and as appropriate, (a) confer with defense counsel regarding Defendant's obligation to search for and produce additional documents, (b) retain a forensic expert, whose reasonable fees and costs are to be borne by Defendant, who will be entitled to conduct a reasonable search of all electronically stored information under Defendant's control for responsive, non-privileged documents, or (c) contact the Court through a succinct status report seeking a hearing to discuss how this discovery should proceed.

(4) Defendant **must** thoroughly prepare its Rule 30(b)(6) deponent for a second day of deposition. The second day of deposition **must** occur within thirty (30) days of the date of this Order

unless the parties agree to a later date. The costs for the videographer and transcript of the second day of the Rule 30(b)(6) deposition are to be borne by Defendant.

   (5) Defendant **must** reimburse Plaintiff for the fees and costs Plaintiff incurred associated with drafting, reviewing the response, and preparation of a reply in support of the Motion for Leave to File a Supplemental Memorandum in Support of Plaintiff's Motion for Sanction.

   (a) Plaintiff **must**, no later than twenty-one (21) days after the date of this Order, file a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in drafting its Motion for Leave to File a Supplemental Memorandum in Support of Plaintiff's Motion for Sanctions, reviewing Defendant's Response, and drafting the Reply. The memorandum must provide a reasonable itemization and description of the work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit must authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

   (b) Defendant will have fourteen (14) days from service of the memorandum of costs and attorney's fees to file responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.

  IT IS FURTHER ORDERED that all of Plaintiff's other requests for sanctions not expressly awarded in this Order are DENIED.

  Dated this 11th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE